FILED

FEB - 4 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-CR-153-GKF |
| v. | ) | |
| | ) | |
| JAMES DOUGLAS PIELSTICKER, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by and through Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, Jeffrey A. Gallant, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, and the defendant, James Douglas Pielsticker, in person and through counsel, Paul DeMuro, respectfully inform the Court that they have reached the following plea agreement.

Revised 09-30-13

Defendant's Initials
12336898.1

1.  **Plea**

The defendant agrees to enter a voluntary plea of guilty to the following:

**Count One: 18 U.S.C. § 371 – Conspiracy**

**Count Two: 26 U.S.C. § 7201 – Tax Evasion**

as set forth in the Superseding Information in the instant case and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty, as more particularly described in paragraph 12 herein.

2.  **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.  the right to be indicted if proceeding by Information;

b.  the right to plead not guilty;

c.  the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.  at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.  the defendant has the right to assist in the selection of the jury;

f.  during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

Defendant's Initials

12336898.1

g.    the defendant has the right to confront and cross-examine witnesses against the defendant;

h.    if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.    if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.    if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k.    at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

By pleading guilty, the defendant will be giving up all of these rights.

By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

## 3.    **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.    The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that defendant reserves the right to directly appeal any contested sentencing

Defendant's Initials

12336898.1

issues (such as, for example, Guidelines determination and motions for sentencing variance or departure);

b.    The defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

c.    The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *United States v. Booker*, 543 U.S. 220 (2005);

d.    The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel; and

e.    Subject to defendant's right to appeal contested sentencing issues, the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent order.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that defendant understands his rights; and that defendant knowingly and voluntarily waives those rights as set forth above.

_____
**JAMES DOUGLAS PIELSTICKER**
Defendant

4.    **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of

Revised 09-30-13                                   4

Defendant's Initials
12336898.1

this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## 5.    Rule 11 Rights Waiver

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure. In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.    A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

b.    Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

c.    Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

## 6.    Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Information, (2) proven to a jury, or (3) proven

Defendant's Initials

12336898.1

beyond a reasonable doubt. The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 7.   **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

Revised 09-30-13

6

Defendant's Initials

12336898.1

8.    **Restitution for Offense of Conviction**

The defendant understands that the Court can order the defendant to pay restitution for the full loss caused by defendant's conduct set forth above. The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court, subject to defendant's right to directly appeal any contested sentencing issues. At this time, the Government alleges that the following victims have suffered losses:

Internal Revenue Service
IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave
Kansas City, MO 64108                          $10,613,077.95

Transportation Alliance Bank, Inc.
4185 Harrison Blvd., Suite 200
Ogden, UT 84403                                $15,000,841.32

At sentencing, the defendant reserves the right to contest all issues that may impact the Court's determination of the applicable Guidelines range or the ultimate sentence imposed. The defendant understands that restitution is mandatory without regard to the defendant's ability to pay.

The defendant further understands the following:

If the Court orders the defendant to pay restitution to the IRS for the failure to pay any tax, either directly as part of the sentence or as a condition

Revised 09-30-13                            7

Defendant's Initials

12336898.1

of supervised release, the IRS will use the restitution order as a basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The Defendant agrees to pay restitution to the IRS as ordered by the Court. The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### 9.    Restitution not Dischargeable in Bankruptcy

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

### 10.    Forfeiture Agreement

The defendant agrees to the entry of a criminal forfeiture money judgment, pursuant to 18 U.S.C. § 982, in any amount found by the Court to be proceeds obtained as a result of the conspiracy as defined in Count One of the Superseding Information.

Defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of

Revised 09-30-13                              8

Defendant's Initials

12336898.1

this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant waives announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to the forfeiture money judgment agreed to and carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 11.   Special Assessment

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

## 12.   Factual Basis and Elements

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. § 371 are as follows:

a.   the defendant agreed with at least one other person to violate the law;

b.   one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

Defendant's Initials

12336898.1

c.    the defendant knew the essential objective of the conspiracy;

d.    the defendant knowingly and voluntarily participated;

e.    there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and

f.    the crime occurred in the Northern District of Oklahoma.

The elements that the United States must prove beyond a reasonable doubt in order to convict under 26 U.S.C. § 7201 are as follows:

a.    the defendant owed substantial income tax for the tax year 2009;

b.    the defendant intended to evade and defeat payment of that tax;

c.    the defendant committed an affirmative act in furtherance of this intent;

d.    the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty; and

e.    the crime occurred in the Northern District of Oklahoma.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The   defendant,   **JAMES   DOUGLAS   PIELSTICKER**,   admits knowingly, willfully and intentionally committing or causing to be committed the   acts   constituting   the   crimes   alleged   in   Counts   One   and   Two   of   the

Revised 09-30-13                                      10

Defendant's Initials

12336898.1

Superseding Information in the instant case, and confesses to the Court that

the defendant is, in fact, guilty of such crimes.

I, **JAMES DOUGLAS PIELSTICKER**, admit that, during the calendar year 2009, I did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree with Jonathan Leland Moore, and others (co-conspirators) to obtain monies for Arrow Trucking Company to which they were not lawfully entitled. The co-conspirators agreed to defraud various entities, including the Internal Revenue Service, by various means, including by willfully failing to account for and pay federal withholding taxes to the Internal Revenue Service on behalf of Arrow Trucking Company and by making payments to conspirators outside of the payroll system ("the Conspiracy"). The withholding taxes include the employee's federal income taxes, Medicare and Social Security taxes (often referred to as Federal Insurance Contribution Act or "FICA" taxes).

During the Conspiracy I held the positions of Chief Executive Officer and President at Arrow Trucking Company. As part of the Conspiracy, payroll taxes were withheld from employees' wages on a regular basis, but, during 2009, no taxes were accounted for or paid over to the Internal Revenue Service as required by law. Furthermore, as part of the Conspiracy, the conspirators caused no Employer's Quarterly Federal Income Tax Returns, Forms 941, to be timely filed on behalf of Arrow Trucking Company for the quarters ending March 31, June 30, and September 30, 2009. The conspirators each knew that Arrow Trucking Company owed a

Defendant's Initials
12336898.1

substantial amount in payroll taxes and was obligated to account for and pay over such taxes.

As part of the Conspiracy, Jonathan Leland Moore, and others, caused Arrow Trucking Company to not account for and pay over the payroll taxes that were due and owing. As part of the Conspiracy, funds from Arrow Trucking Company were diverted, in part, to pay for my personal expenses.

As part of the Conspiracy, Jonathan Leland Moore, and others, caused Arrow Trucking Company to submit fraudulent invoices to Transportation Alliance Bank to induce the bank to pay funds to Arrow Trucking Company that were not warranted. I was aware that Mr. Moore and other co-conspirators were engaged in acts to achieve this aspect of the Conspiracy.

Numerous overt acts, including but not limited to, those contained in the Superseding Information and admitted herein, were committed in furtherance of the Conspiracy. Many of these acts were committed in the Northern District of Oklahoma, and elsewhere. In total, the Conspiracy caused a loss to the United States totaling more than $9,562,121.95, as well as losses to other entities.

During the calendar year 2009, my wife and I had and received taxable income, and upon that taxable income there was a substantial income tax due and owing. Well knowing and believing the foregoing facts, from on or about January 1, 2009, and continuing to on or about March 14, 2011, within the Northern District of Oklahoma and elsewhere, I did willfully attempt to evade and defeat the individual income taxes due and owing to the

Defendant's Initials

12336898.1

United States of America for the calendar year 2009, by committing various affirmative acts of evasion, including: by causing Arrow Trucking Company to pay personal expenses on my behalf; by causing my employer to underreport my wages, and other compensation on the 2009 Form W-2; by preparing and causing to be prepared, a false and fraudulent draft joint 2009 U.S. Individual Income Tax Return, Form 1040, and otherwise concealing and attempting to conceal from all proper officers of the United States of America my true and correct income.

_____       ___2-4-15_____
JAMES DOUGLAS PIELSTICKER        Dated
Defendant

## 13.   **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from or relate to its investigation of the defendant's actions and conduct giving rise to the instant Information, save and except crimes of violence. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (i.e.,

Defendant's Initials
12336898.1

violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

### 14.   Dismissal of Remaining Counts

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter. In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

Defendant's Initials
12336898.1

## 15.   <u>Acceptance of Responsibility</u>

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation,

Defendant's Initials

12336898.1

the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**16.** **Sentence**

**a.** **Imprisonment**

The defendant acknowledges that under 18 U.S.C. § 371 and 26 U.S.C. § 7201 the maximum statutory sentence is 5 years imprisonment and a fine of not more than $250,000, or twice the gross loss resulting from the offense, per count of conviction.

**b.** **Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 3 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, if the crime of conviction occurred after September 13, 1994,

Defendant's Initials

12336898.1

the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offenses of conviction.

c.   **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory. The district courts, while not bound to apply the Sentencing Guidelines, must consult those

Defendant's Initials

12336898.1

Guidelines and take them into account when sentencing. *See* 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole. The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all

Defendant's Initials

12336898.1

other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure. The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

### 17.   <u>Stipulations</u>

The defendant and the United States agree and stipulate to the following facts:

Defendant was not an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive as contemplated by U.S.S.G. §3B1.1.(a).

It is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant WAIVES

Revised 09-30-13                                    19

Defendant's Initials

12336898.1

any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

## 18.   <u>Limitations</u>

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

Defendant's Initials
12336898.1

## 19.    **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby WAIVES any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that **JAMES DOUGLAS PIELSTICKER**, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the

Defendant's Initials

12336898.1

United States acted in bad faith to bring about the attempted withdrawal of plea.

**20.** **Conclusion**

No agreements, representations, or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

DANNY C. WILLIAMS, SR.
UNITED STATES ATTORNEY

_____     _____
JEFFREY A. GALLANT                   Dated
Assistant United States Attorney

CHARLES A. O'REILLY
Special Assistant U.S. Attorney

_____     _____
PAUL DeMURO                          Dated
Attorney for Defendant

_____     _____
JAMES DOUGLAS PIELSTICKER            Dated
Defendant

Revised 09-30-13                     22

Defendant's Initials
12336898.1

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        2-4-15
JAMES DOUGLAS PIELSTICKER          Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____        2-4-15
PAUL DeMURO                        Dated
Counsel for the Defendant

Revised 09-30-13                    23

Defendant's Initials
12336898.1