**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 14-CR-153-GKF |
| JAMES DOUGLAS PIELSTICKER, | |
| Defendant. | |

**OPINION AND ORDER**

Before the court are the *Motion for Modification or Reduction of Sentence Pursuant to U.S.C. § 3582(c)(2)* [Doc. No. 77] of the defendant, James Douglas Pielsticker, and the *Motion to Dismiss Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* [Doc. No. 79] of the United States. For the reasons set forth below, the court grants the United States' motion [Doc. No. 79] and dismisses Pielsticker's motion for lack of jurisdiction [Doc. No. 77].

**I.    Background**

On October 9, 2015, in accordance with U.S.S.G. § 2B1.1(b), the court sentenced Pielsticker to a 90-month term of imprisonment, three years of supervised release, and restitution. [Doc. No. 66]. Before his sentencing, Pielsticker had moved for a two-level downward variance based on the then-forthcoming Amendment 791 to § 2B1.1(b)'s fraud-loss tables. [Doc. No. 46]. At the sentencing hearing, the court denied the motion for downward variance, and the Tenth Circuit affirmed the court's ruling on appeal. [Doc. No. 67, pp. 154–55]; *United States v. Pielsticker*, 678 F. App'x 737, 750 (10th Cir. 2017).

On November 3, 2017, Pielsticker moved to reduce his sentence pursuant to U.S.C. § 3582(c)(2), arguing he should be given the benefit of Amendment 791, now that it is in effect.

[Doc. No. 77]. In response, the United States moved to dismiss Pielsticker's motion. [Doc. No. 79].

## II.    Analysis

In support of its motion to dismiss, the United States argues the court lacks jurisdiction to reduce Pielsticker's sentence under § 3582. The court agrees.

"Congress has granted jurisdiction to federal courts to reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Ramirez*, 698 F. App'x 943, 945 (10th Cir. 2017) (unpublished) (quoting 18 U.S.C. § 3582(c)(2)). "The applicable policy statement states that a reduction in the term of a defendant's sentence is 'not consistent with this policy statement' and therefore not authorized under § 3582(c)(2) if '[n]one of the amendments listed in subsection (d) is applicable to the defendant . . . .'" *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)). As Pielsticker acknowledges, Amendment 791 is not one of the amendments listed in § 1B1.10(d), and he is therefore not entitled to relief under § 1B1.10. *Id.* at 945–46.

Instead, Pielsticker argues the court has jurisdiction to retroactively apply Amendment 791 because it is "clarifying," not "substantive." [Doc. No. 81, p. 2] (citing *United States v. Catalan*, 701 F.3d 331, 332–33 (9th Cir. 2012). However,

> whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).

*United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). "[A]n argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255." *Ramirez*, 698 F. App'x at 946 (quoting

2

*Torres-Aquino*, 334 F.3d at 941). Because Pielsticker "proceeded exclusively under § 3582(c)(2), [the court] ha[s] no occasion to consider whether Amendment [791] applies retroactively as a clarifying amendment." *Id.*

In response, Pielsticker argues the court has jurisdiction "to consider whether Amendment 791 is retroactive . . . because the applicability of Amendment 791 was not raised exclusively in [] Pielsticker's [§] 3582 motion, but was raised previously on direct appeal." [Doc. No. 81, p. 3]. Pielsticker cites no case law in support of this argument, which relies on a misreading of the Tenth Circuit's language in *Torres-Aquino* and *Ramirez*. The Tenth Circuit's reasoning in those cases was not that an argument that a sentence was incorrectly imposed *must first* be raised on direct appeal or pursuant to § 2255 before being raised in a motion exclusively under § 3582(c)(2), but that an argument a sentence was incorrectly imposed *may not* be raised in a motion exclusively under § 3582(c)(2), because § 3582(c)(2) does not provide the court with jurisdiction to entertain such an argument. *Id.*

Based on the above, the court holds it lacks jurisdiction to reduce Pielsticker's sentence under § 3582.

### III. Conclusion

WHEREFORE, the United States' motion to dismiss [Doc. No. 79] is granted, and Pielsticker's motion for modification [Doc. No. 77] is dismissed.

IT IS SO ORDERED this 26th day of December, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT